UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ABNER L. WASHINGTON; aka ALAMIYN, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-1951 |
| | § § § | |
| KENT DAVIS, *et al*, | § | |
| Defendants. | | |

## ORDER

Before the Court are Defendants' Motion to Dismiss (the "Motion") (Doc. #12), Plaintiff's Response (Doc. #16), Defendants' Reply (Doc. #17 and Doc. #21), and Plaintiff's Reply (Doc. #19, Doc. #24, and Doc. #25). Having reviewed the parties' arguments and applicable legal authority, the Court grants the Motion.[1]

In his Complaint, Plaintiff asserts a 42 U.S.C. § 1983 claim and a 42 U.S.C. § 2000cc-1 claim against Defendants for allegedly violating his religious rights while he resided at one of their shelters. Doc. #1 at 1. Now, Defendants move to dismiss both claims under Federal Rule of Civil Procedure 12(b)(6). Doc. #12.

To survive a Rule 12(b)(6) motion to dismiss, a complaint need only allege facts sufficient to state a claim for relief that is plausible on its face and need not contain detailed factual

---

[1] "[E]xceptional circumstances" do not exist in this action that would warrant court-appointed counsel for Plaintiff. *Naranjo v. Thompson*, 809 F.3d 793, 803 (5th Cir. 2015) ("The possibility of such an appointment arises only when an indigent plaintiff has colorable claims that will not receive a meaningful hearing without counsel (i.e. exceptional circumstances exist) and when all other options for making an appointment have failed."). Accordingly, Plaintiff's Motion for Appointment of Counsel (Doc. #3) is DENIED.

allegations. *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Significantly, a complaint may proceed even if recovery is very remote and unlikely, so long as the alleged facts raise a right to relief above the speculative level." *Id.* (internal citations omitted).

"To state a [civil rights] claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) (internal citation omitted). As a threshold matter, "state action is a prerequisite for bringing an action under Section 1983." *Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 312 (5th Cir. 2011).

Pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title." 42 U.S.C. § 2000cc-1(a) (West Supp. 2019). Among other requirements, the institution must be a "facility or institution . . . which is owned, operated, or managed by, or provides services on behalf of any State or political subdivision of a State." 42 U.S.C. § 1997. Therefore, similar to Section 1983 claims, determining the institution's connection to state action is a threshold matter for RLUIPA claims.

When determining whether an entity is acting on behalf of the government, circuit courts have held that a non-profit entity's receipt of governmental funding alone is insufficient to establish that the actions of that entity are committed under color of state law. *Blouin v. Loyola Univ.*, 506 F.2d 20, 21–22 (5th Cir. 1975) (a private, non-profit corporation's enjoyment of tax

2

exemptions and receipt of federal and state monies were not factors that supported a finding of state action); *see also Rockwell v. Cape Cod Hosp.*, 26 F.3d 254, 258 (1st Cir. 1994) (the receipt of federal funds is insufficient to establish that an entity acted under color of state law).

Here, Plaintiff asserts a 42 U.S.C. § 1983 claim and a 42 U.S.C. § 2000cc-1 claim against Defendants for allegedly violating his religious rights while he resided at one of their shelters. Doc. #1 at 1, 3–4, and 5 ("Defendants have maintained an anti-Muslim program"); Doc. #16 at 2 ("Defendants forced the Plaintiff to attend daily Christian services where he was deliberately taunted with anti-Muslim rhetoric and sentiments"). If true, Plaintiff's allegations are disturbing, but they do not link Defendants' conduct to state action. Beyond alleging that Defendants receive "federal funding," Plaintiff does not allege any other facts that would indicate that the private conduct of Defendants regarding their charitable shelters is connected to government action. Doc. #1 at 3 ("Defendants . . . receive Federal Funds") and 4 (Defendants are "[g]overnmentally funded" and "funded by Federal Funds"). Because receipt of governmental funding alone is insufficient to establish that a private entity's conduct constitutes state action, Plaintiff has failed to show that (1) Defendants ever acted under color of state law under Section 1983 or (2) that Defendants' shelters qualified as institutions under RLUIPA. *See Blouin*, 506 F.2d at 21–22; *Sullivan*, 526 U.S. at 49–50; 42 U.S.C. § 2000cc-1(a).

Accordingly, because Plaintiff's Complaint does not contain "facts sufficient to state a claim for relief that is plausible on its face," the Court grants the Motion. *Littell*, 894 F.3d at 622. For the foregoing reasons, the Motion is hereby GRANTED, and Plaintiff's claims are DISMISSED.²

It is so ORDERED.

MAR 2 5 2019

_____  _____
Date                      The Honorable Alfred H. Bennett
                          United States District Judge

---

² Plaintiff's Motion for Class Action Certification (Doc. #2) and Defendants' Motion to Strike (Doc. #15) are DENIED as moot.